## Rudolph Wurlitzer Co. v. Domitrowich, etc.

*Robert H. Jordan,* for plaintiff.
*John E. Stine, Jr.,* for defendant.

HENNINGER, P. J., November 19, 1951.—Plaintiff holds a judgment against defendant to above term and number as assignee of Smith & Fields Distributing Company, payee of the note upon which judgment was entered by confession.

Defendant, before execution was issued, petitioned to open the judgment, whereupon this court granted a rule to open and in granting the rule stayed all proceedings thereon. Plaintiff filed preliminary objections to the petition and order on the grounds that no stay of execution was permissible without entry of bond. This court, in an opinion by our learned colleague, Judge Diefenderfer, held that the court rule referring to stay of execution did not apply to stays of proceedings where no execution had in fact issued.

Plaintiff thereupon filed an answer to the petition to open judgment, which answer calls for proof of averments of transactions between defendant and his

payee which defendant contends renders the obligation uncollectible; it raises the point that the note being, in its opinion, negotiable, such defense is not available to defendant, and the answer is sworn to by one Judy M. Underwood, who professes to act as an attorney-in-fact for plaintiff.

At the same time plaintiff filed a petition for a rule to show cause why security should not be given for stay of proceedings.

Defendant filed preliminary objections to the answer for faulty execution and because of bald denials. He also filed preliminary objections to the rule for security contending that that matter had been already adjudicated.

There is merit to the latter preliminary objection. Since the court has already held that defendant was entitled to attack the judgment and to a stay meanwhile without entering security, plaintiff's petition for security raises a question we have already adjudicated in this case and we cannot pass upon it again.

When we come to the preliminary objections to the answer to the rule to open judgment, we must bear in mind that, since plaintiff has already obtained judgment against defendant, it is up to defendant to prosecute the rule and to demonstrate his right to relief. We are not deeply interested in technicalities of verification of the answer to the rule.

The answer properly denies the allegations by which defendant seeks to open the judgment. Again we must remember that the burden is on defendant to prove his allegations and not on plaintiff to disprove them. Those parts of the answer which may be conclusions of law may be considered when the facts have been established.

Now, November 19, 1951, defendant's preliminary objections to plaintiff's rule for security for stay of

execution are sustained and the rule is discharged; defendant's preliminary objections to plaintiff's answer to the rule to open the judgment to above term and number are dismissed and it is ordered that defendant proceed promptly to the taking of depositions to establish the facts relied upon to open the judgment.